## CONTINENTAL CASUALTY CO. v. TRENNER et al.

### No. 10053.

District Court, E. D. Pennsylvania.

Jan. 3, 1939.

H. Rook Goshorn and Harry S. Ambler, Jr., both of Philadelphia, Pa., for plaintiff.

Sundheim, Folz & Sundheim and I. Jerome Stern, all of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

This is a bill in equity for a judgment under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, declaring the rights, liabilities and legal relations of insurer and insured under a policy of automobile liability insurance.

Trenner's policy contained a term, of which the pertinent parts are:

"IV. *Automatic Insurance for Newly Acquired Automobiles*. If the named insured * * * acquires ownership of another automobile, such insurance as is afforded by this policy applies also to such other automobile as of the date of its delivery to him subject to the following additional conditions: * * * (4) this agreement does not apply * * * (b) unless the named insured notifies the company within ten days following the date of delivery of such other automobile, * * *."

After the policy was issued he traded in the automobile covered for a new one of the same make and model but a later year. He

did not notify the Insurance Company of the change. More than ten days after he got the new car he had a collision as a result of which he was sued for damages. The question is whether his policy insures him against liability in this suit.

 There would be no question at all about it except for the word "automatic" in the bold cap title of the clause. The insured contends that this word creates a conflict and an ambiguity which, under the well-known rule of construction, must be resolved against the Insurance Company. As a matter of fact, the caption is not inconsistent with the provision under it. Its fault, if any, is that it is not quite completely descriptive of it. It announces "automatic insurance" without qualification. The clause does give unconditional automatic insurance for newly acquired automobiles, but for a limited period only. It may be continued, provided the new car is generally in conformity with the scope of the policy, upon the insured's merely giving notice that he has purchased it. In spite of some rather broad definitions, I think that insurance which can be extended by a mere notice from the insured and without any new contract can be fairly called "automatic" insurance, though perhaps "renewable" would be a better term. At any rate, I would not call the entire provision, including the title, ambiguous.

Nor do I think it is so misleading as to bring it within the line of decisions in which the courts have voided conditions printed in small type and unlikely to be read by the party who receives the printed document.

Obviously a caption cannot be a complete and accurate description of everything in the clause. It is merely intended to call attention to it. While it is just possible that one might jump to the conclusion that the policy was giving unconditional and unqualified automatic insurance on all substituted cars of whatever kind and under all circumstances, I think it more likely that anyone who really took time to read the policy at all would have notice that the automatic insurance mentioned was subject to a number of conditions, and would probably read them to find out what they were. As long as insurance policies are contracts and not merely the assuming of legal relations prescribed by policy or statute, we can hardly go to the extent of requiring them to be drawn so that people who read nothing but the titles of the clauses will be completely informed of everything that is in the policy.

A judgment may be entered to the effect that the Insurance Company is not liable on its policy under the conditions stated herein.