Hillsborough, } No. 3124.
Feb. 6, 1940. }

MERCHANTS MUTUAL CASUALTY COMPANY

*v.*

BENJAMIN C. LAMBERT, *& a.*

508

*Irving H. Kennedy* and *Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the plaintiff.

*McLane, Davis & Carleton* (*Mr. Carleton* orally), for the defendant Lambert.

*Devine & Tobin* and *Wyman, Starr, Booth, Wadleigh & Langdell*, for the other defendants.

BRANCH, J.   The principal argument advanced by the plaintiff is, in substance, that the finding of the trial court "that the 1930 Pierce-Arrow sedan was replaced by the 1935 Pierce-Arrow December 1, 1938" is inconsistent and irreconcilable with the other findings of the court that "at the time of the accident, December 1, 1938, the defendant Lambert still owned the 1930 Pierce-Arrow sedan.   It was in his garage with New Hampshire number plates attached and was registered in his name at the Motor Vehicle Department." The position of the plaintiff is thus set forth in its brief.   "Coverage on the 1930 car would not cease, and coverage on the 1935 car would not be effective, until the defendant had relegated the 1930 car to an unusable status by transfer of its registration and number plates to the 1935 car, so that the latter could legally be run on the highway and had paid petitioner any additional premium required because of the application of the insurance to the 1935 car."   A similar

argument was rejected by the California Court of Appeals in *Dean* v. *Insurance Co.*, 24 Cal. App. (2d) 762, and the present argument cannot prevail because the acts enumerated therein as pre-requisites to the attachment of the insurance to the replacing car, are not required by the terms of the policy. The language of the policy is to be construed in accordance with the principle that "the test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would have understood them to mean." *Watson* v. *Insurance Co.*, 83 N. H. 200, 202. We think it plain that any reasonable person in the position of the defendant Lambert would have understood from the language set forth in the statement of facts, that when he purchased another automobile to replace the 1930 Pierce-Arrow, his insurance would automatically apply to the replacing automobile "as of the date of its delivery to him." The plaintiff, if it had seen fit, might have inserted a provision that the insurance should not attach to the replacing car until the insured had parted with the ownership and possession of the replaced car, but in the absence of any such provision in the policy, these factors of the situation were properly regarded by the trial court as indecisive.

The finding of the court that the 1935 car "was purchased for the defendant Lambert's business to replace the 1930 car for the very same use previously made of the 1930 automobile" is fully sustained by the evidence and the conclusion that "the said policy covered the 1935 Pierce-Arrow sedan at the time of the accident" follows as a logical conclusion.

The plaintiff also seeks to take advantage of the provision that the policy shall not cover the replacing car "unless the named insured pays any additional premium required because of the application of this insurance to such other automobile." There is no evidence in the case that any additional premium would have been required because of the application of the insurance to the replacing car. The plaintiff argues, however, that the payment of an additional premium, if required, was a condition precedent to the application of the insurance to the replacing car and that the burden rested upon the insured Lambert to prove either that no additional premium was required or that an additional premium had been paid, before it could be found that the policy covered the 1935 car.

The test above set forth for determining the meaning of the policy, precludes the acceptance of this argument. As above stated, a reasonable person in the position of the insured would reasonably assume

that he was entitled to "automatic insurance" for a newly acquired (replacing) automobile as of the date of its delivery to him, and that he had ten days following the date of such delivery in which to notify the company of the replacement. It is difficult to see how any question in regard to the payment of an additional premium could arise until the required notice had been given to the company and we therefore conclude that until that time and until a demand for an additional premium had been made, the insurance would be in force upon the replacing car. An adoption of the plaintiff's contention would have the effect of depriving Section IV of its character as a provision for "AUTOMATIC INSURANCE FOR NEWLY ACQUIRED AUTOMOBILES," and reducing it to a mere agreement that the insurance would be transferred to the replacing car upon a satisfactory adjustment of the premium. In short, the requirement of clause (4), (d), cannot be construed as a condition precedent to the accrual of liability but is to be given effect as a condition subsequent providing that the insurance upon the replacing car shall lapse unless any additional premium required shall be paid within a reasonable time after demand.

The trial court appears to have given a correct construction to the provisions of the policy and the plaintiff's exceptions must, therefore, be overruled.

*Judgment for the defendants.*

All concurred.