## MITCHAM v. TRAVELERS INDEMNITY CO.

### No. 4901.

Circuit Court of Appeals, Fourth Circuit.

April 6, 1942.

T. A. Uzzell, Jr., of Asheville, N. C. (Thomas L. Johnson and Moore Bryson, both of Asheville, N. C., on the brief), for appellant.

Armistead W. Sapp, of Greensboro, N. C. (Oscar L. Sapp and J. Oscar Atkinson, Jr., both of Greensboro, N. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This suit for a declaratory judgment was brought by the Travelers Indemnity Company against Ruth B. Gray, administratrix of the estate of Franklin Gray, and against William C. Mitcham, Jr., to secure an adjudication as to the coverage of a policy of insurance issued by it to Gray on September 9, 1939, to protect him from liability for bodily injury and property damage that might be caused in the use of his Buick automobile.

On January 20, 1940, Gray purchased a new Lincoln Zephyr car and while driving it on February 1, 1940, he was killed in collision with the abutment of a bridge, and Mitcham, who accompanied him, was injured. On September 16, 1940, Mitcham brought suit in a North Carolina court against Gray's administratrix for his injuries claiming that the accident was caused by negligence on Gray's part. The administratrix made no defense to this suit. Both the administratrix and Mitcham took the position that certain provisions of the policy on the Buick car automatically transferred the insurance to the Lincoln Zephyr car so that it was covered by the policy at the time of the accident. This claim was rejected by the Indemnity Company

and on October 17, 1940 the pending suit was brought. The case in the state court proceeded to trial, resulting in a judgment by default against the administratrix for $9,000 on December 11, 1940.

In the District Court the defendants filed a motion to dismiss the complaint of the Indemnity Company, but this motion was overruled. Thereafter the administratrix filed no answer and summary judgment against her was issued wherein it was decreed that the policy did not cover the Lincoln Zephyr car and the administratrix was enjoined from instituting or maintaining any action on the policy against the Indemnity Company. Mitcham, the co-defendant, filed an answer and contested the case, but judgment of like import was also rendered against him and this appeal followed.

The policy in suit contained the following provision:

"IV. Automatic Insurance For Newly Acquired Automobiles.

"If the named insured who is the owner of the automobile acquires ownership of another automobile, such insurance as is afforded by this policy applies also to such other automobile as of the date of its delivery to him: (a) if it replaces an automobile described in this policy, and if it may be classified for the purpose of use stated in this policy, but only to the extent the insurance is applicable to the replaced automobile, and (b) if it does not replace an automobile described in this policy, and if it is used for pleasure purposes or in the business of the named insured as stated in the declarations, and if the company insures all automobiles owned by the named insured at the date of such delivery, but only to the extent the insurance is applicable to all such previously owned automobiles. The insurance afforded by this policy terminates upon the replaced automobile at the date of such delivery. The provisions of this paragraph do not apply (a) to any loss against which the named insured has other valid and collectible insurance, or (b) unless the named insured notifies the company within ten days following the date of delivery of such other automobile, or (c) except during the policy period, but if the date of delivery of such other automobile is prior to the effective date of this policy, the insurance applies as of the effective date of this policy, or (d) unless the named insured pays any additional pre-mium required because of the application of this insurance to such other automobile."

The relevant parts of this article are clause (a) in the first part of the article relating to the replacement of the old automobile described in the policy, and clause (b) in the latter part of the article relating to the ten day notice to be given by the insured to the company following the date of the delivery of the new automobile. The company contends that Gray's new car was not automatically covered under the contract because (1) the new car did not replace the old one, and (2) the insured did not give the required notice.

A further statement of the facts is necessary in order to decide whether these contentions should be sustained. Gray purchased the Lincoln Zephyr from the Strowd Motor Company and gave in partial payment a 1938 Ford car which he received from his mother and which was covered by a policy in another company. The title to the Lincoln Zephyr was transferred to Gray and the balance of the purchase price was secured by a chattel mortgage. At first Gray stated to the Motor Company that he would put the fire, theft and collision insurance on the new car in the same company that carried his public liability insurance, i, e., the insurance on the Buick car, but later he placed this insurance with another company. On the same day, January 20, 1940, Gray delivered his Buick to the Motor Company to be sold and requested the Motor Company to obtain insurance thereon to protect it against fire and theft, and this was done in another company.

Gray had been using the Buick car up until the day he acquired the Lincoln Zephyr; but as we have seen, he did not trade in the Buick for the new car. He left the Buick with the Motor Company to be kept in storage and to be sold, and stated that if the car could be sold for $500, he would buy a Mercury car for his mother. He did not transfer the title in the car to the Motor Company. There was a lien on the car and it was arranged that the title should remain undisturbed until a purchaser was found. No purchaser was found and no one used the car prior to Gray's death on February 1, 1940.

Upon these facts the appellant contends that the Lincoln Zephyr replaced the Buick car within the meaning of Article IV of the policy. It is said that the purpose of the replacement clause from the company's

standpoint was to make sure that the company would not insure two automobiles for one premium, and that this purpose was effectuated when Gray bought a new car and abandoned the use of the old one and put it up for sale. It is pointed out that Gray placed fire, theft and collision insurance on the new car, but made no new provision for liability insurance thereon, and it is said that this action evidenced an intent on his part to avail himself of the automatic transfer of the liability insurance covering the old car which he had abandoned to the new car which he was putting into use.

■ The purpose of the insurer to cover only one car is correctly set out in this argument, but the factual situation does not support the appellant's contention. The evidence supports the finding of the District Judge that the Lincoln Zephyr did not in fact replace the Buick car. Gray still retained title to the Buick and full control over it. At any time he could have taken it from the custody of the Motor Company and put it into use; at any time the Motor Company was privileged to use the car on Gray's behalf in order to demonstrate it to a customer; and in either case it would have been impossible for the company to show that the car was not still covered by the policy if an accident had occurred and liability on Gray's part had ensued. These circumstances distinguish the case from Merchants Mutual Casualty Co. v. Lambert, 90 N.H. 507, 11 A.2d 361, 127 A.L.R. 483, upon which the appellant mainly relies, for in that case, although the old car covered by the policy remained in the insured's garage, with license plates attached, after the purchase of the new car, it had not been used by the insured for several months prior thereto, because it was worn out, out of repair, and not fit to be driven on the public highway. It was upon these facts that the court held that a transfer of insurance took place under the replacement clause despite the retention of ownership and possession of the old automobile by the insured.

■ There is another insuperable objection to recovery under the policy in suit. The provisions of Article IV in regard to the automatic transfer of the insurance from one car to another expressly "do not apply * * * unless the named insured notifies the company within ten days following the date of delivery of such other automobile". The insured did not comply with this requirement. The new car was delivered on January 20, 1940 and the insured was killed while driving it on February 1, 1940. It was only after his death and after liability for damages had been incurred that the company was notified that the new car had been purchased and that a transfer of the insurance was claimed.

The requirement of notice was of obvious importance to the company. Amongst other purposes it served to inform the company of the identity and character of the vehicle to be covered by its policy and to enable the company to exercise the rights reserved to it in the policy and to ascertain whether the insured had complied with his obligations thereunder. It cannot be said that the policy provision was so immaterial to the risk that it could not be invoked for the purpose of avoiding the company's contractual liability. Compare Sly v. American Indemnity Co., 127 Cal.App. 202, 15 P. 2d 522. The failure to give the notice was fatal to the claim of the administratrix and the injured person that the car was covered by the policy when the accident took place.

This form of policy is relatively new and little controversy over its meaning has reached the courts. Some question has arisen as to whether the notice provision is a condition precedent to the transfer of the insurance, or a condition subsequent under which the insurance attaches to the new car without notice, but becomes void at the end of the ten day period if no notice is given. See Appleman, Automobile Liability Insurance, page 142 et seq.; Ash-Grove L. & P. Cement Co. v. Southern Surety Co., 225 Mo.App. 712, 39 S.W.2d 434. The question has also arisen in this connection as to the liability of the insurer if an accident takes place within the ten day period and notice is later given either before or after the termination of the period. See Continental Casualty Co. v. Trenner, D.C., 35 F.Supp. 643; Jamison v. Phoenix Indemnity Co., D.C., 40 F.Supp. 87. But we are not now concerned with these questions for in the pending case the accident took place after the expiration of the ten day period and before any notice to the company of the acquisition of the new car, so that, whether the notice provision sets up a condition precedent or a condition subsequent, the new car was not covered by the policy at the time that the insured's liability to Mitcham arose.

Affirmed.