MARIO J. MELENDEZ et al., Plaintiffs, *v.* GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Defendant.

Supreme Court, Trial Term, New York County, May 13, 1947.

*Harry Zeitlan* and *Thomas H. Simmons* for plaintiffs.
*Richards W. Hannah* for defendant.

DICKSTEIN, J. This is an action brought to recover from the defendant insurance company (Insurance Law, § 167), the amount of two judgments obtained by the two plaintiffs against one Vincent J. Pricci whose automobile was insured by the company against so-called " public liability " under its policy A603640. The automobile so insured was a 1936 Ford, the policy period was to run from February 16, 1943, to February 16, 1944. While this policy was. in force this automobile was exchanged by Pricci for a 1937 Plymouth sedan and on March 6, 1943, the license plates were transferred by Pricci to the other automobile.

The accident as a result of which the plaintiffs' cause of action arose occurred on March 26, 1943. Under the insurance policy in question, " * * * if the named insured who is the owner of the automobile acquires ownership of another automobile *and so notifies the company within thirty days* following the date of its delivery to him, such insurance as is afforded by this policy applies *also* to such other automobile *as of such delivery* date ". Under the next clause this applies to an automobile that may " replace " the automobile in question as well as to any " additional automobile ".

When actions were brought against Pricci for personal injuries and property damage the defendant refused to defend Pricci in the actions and the plaintiff duly recovered judgments against Pricci in the Supreme Court, Kings County, which judgments were not paid and this action was then instituted against the defendant insurance company. This action came on for trial before me and a jury on March 21, 1947. At the close of the entire case both sides moved for a direction of the verdict in their favor and decision was reserved on both motions. The case was thereafter submitted to the jury and the jury disagreed. At the time of the announcement of the jury's verdict, plaintiffs renewed their motion for a directed verdict under subdivision 3 of section 457-a of the Civil Practice

Act. The defendant opposed this motion and decision was reserved.

The only question raised by the defendant was whether or not notice was given to the defendant *within thirty days* after the replacement of the 1936 Ford by the 1937 Plymouth. The testimony at the trial on this point was conflicting and the jury evidently could reach no conclusion on this point. The plaintiffs, however, take the position that since the accident occurred on March 26, 1943, and the change of automobiles was effected on March 6, 1943, there was an " automatic " coverage of the new car *within that period* whether or not notice was given to the company.

This precise question does not appear to have received judicial construction in any reported case in this State. There are, however, decisions in other jurisdictions to sustain the plaintiffs' contention. Thus in *Continental Casualty Co.* v. *Trenner* (35 F. Supp. 643, 644) the court in construing a similar clause and the use of the word " automatic " in case of newly acquired automobiles, states that the clause in question " * * * does give unconditional automatic insurance for newly acquired automobiles, but for a limited period only." To the same effect is *Union Automobile Indemnity Assn.* v. *Reimann* (171 S. W. 2d 721 [Mo.]). At the trial the defendant conceded that there was coverage during this thirty-day period. The New York Law Journal of May 2, 1947, published on its front page a decision of the United States Circuit Court of Appeals, Seventh Circuit, in *Hoffman* v. *Illinois Nat. Casualty Co.* (159 F. 2d 564, 566, decided Jan. 25, 1947). There the court held that even though the insured had *not* notified the company of the replacement of his automobile at the time of the accident the insured was covered at the time under the clause of the policy which " automatically " transferred such coverage as of the date of delivery of the second vehicle to the newly acquired automobile for a period of thirty days. The court cites in support of this contention *Merchants Mutual Casualty Co.* v. *Lamber* (90 N. H. 507), *Union Automobile Indemnity Assn.* v. *Reimann* (*supra*) and *Thompson* v. *State Automobile Mutual Ins. Co.* (122 W. Va. 551) and concludes with the statement " * * * since the accident in which the * * * newly acquired automobile, was involved within the 30 days of its delivery to plaintiff, we think the District Court correctly entered judgment for plaintiff."

Motion for directed verdict granted as requested by plaintiffs, in the first cause of action in favor of plaintiff James P.

Guiseppe, in the sum of $5,000 (the limit of defendant's indemnity policy) with interest from May 28, 1945, and the costs of the action in which judgment was entered, and in favor of plaintiff Mario J. Melendez in the sum of $750, with interest from May 28, 1945.

In view of the above disposition the court finds it unnecessary to pass upon the question of waiver, which has been urged by the plaintiffs.