[Civ. No. 4838. Fourth Dist. July 26, 1954.]

ALBERT K. BIRCH et al., Respondents, v. HARBOR IN-SURANCE COMPANY (a Corporation), Appellant.

Lindley, Lazar & Scales and John H. Barrett for Appellant.

Luce, Forward, Kunzel & Scripps and Edgar A. Luce, Jr., for Respondents.

BARNARD, P. J.—This is an action by a judgment creditor against an insurance company which had issued a policy to the judgment debtor. The policy, describing a 1950 Ford, was issued to one Martin on July 5, 1950, for a term of one year. On the evening of November 22, 1950, Martin acquired and took delivery of a 1935 Chevrolet. On the afternoon of December 22, 1950, Martin was involved in an automobile accident while driving the Chevrolet. As a result of that accident the Birches obtained a judgment against Martin for $3,114.97. The defendant herein denied liability on the policy, and this action followed.

There was evidence that Martin was assured by the agent from whom he ordered the policy, both before and after the accident, that he was automatically covered in the event he acquired an additional car. Without a finding on the matter of estoppel, the court found that the defendant company insured all automobiles owned by Martin at the date the Chevrolet was delivered to him; that the accident occurred within 30 days following the date of such delivery; that under the terms of the policy there was automatic coverage for a newly acquired car for a period of 30 days following the date of its delivery; and that this policy covered the use of said Chevrolet

by Martin on the date and at the time of the accident. The defendant has appealed from the judgment which followed.

Appellant's sole contention is that the trial court's decision was based upon an erroneous interpretation of the wording of the policy. It is argued that under any reasonable interpretation of the language used in the policy there was no coverage, since no notice was given to the company by the insured within 30 days following the date on which the Chevrolet was delivered to him.

The questioned language appears in a part of the policy headed "INSURING AGREEMENTS." Subdivision I deals with coverage, including liability for damage arising from the "use of the automobile." A portion of subdivision IV, reads as follows:

"IV. AUTOMOBILE DEFINED, TRAILERS, TWO OR MORE AUTOMOBILES, INCLUDING AUTOMATIC INSURANCE.

"(a) AUTOMOBILE. Except where stated to the contrary, the word 'automobile' means:

"(1) DESCRIBED AUTOMOBILE—the motor vehicle or trailer described in this policy:

"(2) UTILITY TRAILER—(not here involved);

"(3) TEMPORARY SUBSTITUTE AUTOMOBILE—(not here involved);

"(4) NEWLY ACQUIRED AUTOMOBILE—an automobile, ownership of which is acquired by the named insured who is the owner of the described automobile, if the named insured notifies the company within thirty days following the date of its delivery to him, and if either it replaces an automobile described in this policy or the company insures all automobiles owned by the named insured at such delivery date; but the insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured has other valid and collectible insurance. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."

The appellant contends that these provisions were intended for the protection of the assured; that they obviously contemplate some change of situation with respect to the described automobile; that the only conclusion to be drawn is that the insurer wished to provide protection where there would normally be none in the absence of some carry-over provision; that the company was entitled to fix reasonable limits within which this additional coverage should be effective; that the 30 days was a reasonable period of limitation within which to comply

with the requirement of giving notice; that the Chevrolet was an additional car rather than a replacement; that the clause with respect to the company insuring all automobiles owned by the insured was "designed to cover situations in which an assured has a constant normal turnover of vehicles"; and where the newly acquired vehicles will be identified and added to the policy at a later date, usually the end of the month; and that the provision that the insured shall pay any additional premium required indicates that "the insurer recognizes no obligation to furnish free insurance other than as specifically set forth."

While the interpretation of such a policy has not been considered in any decision in this state, there are a number of such decisions in other jurisdictions. In *Continental Cas. Co.* v. *Trenner,* 35 F.Supp. 643, the insured traded in his car on another without notifying the company and the collision occurred more than ten days later. The policy, under a clause headed "Automatic Insurance For Newly Acquired Automobile," provided that the insurance should also apply to another vehicle acquired, as of the date of delivery, but subject to the *condition* that this provision should not apply "unless the named insured notifies the Company within 10 days following the date of delivery of such other automobile." In referring to that provision the court said: "The clause does give unconditional automatic insurance for newly acquired automobiles, but for a limited period only." It was then held that the automatic insurance did not extend beyond the 10 days, in the absence of notice within that time.

In *Hoffman* v. *Illinois Nat. Cas. Co.,* 159 F.2d 564, the Circuit Court of Appeals for the Seventh Circuit affirmed a judgment in favor of the insured. Under a similar policy, providing for automatic insurance for a newly acquired automobile, if it replaced the automobile described in the policy, it was further provided that this agreement should not apply "unless the Named Insured notifies the Company within 30 days following the date of delivery." The accident happened within 30 days and it was argued that no notice was given before the accident, and that the insured did not intend the second vehicle to replace the first. The court there said:

"Since the language of the policy is to be construed in accordance with the principle that the test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would have understood them to

mean, it is clear that when the first tractor was wrecked and the second tractor was acquired and used in its place, a reasonable person in such a situation, from the language used, would have reasonably assumed that all coverage with respect to the first tractor was terminated and that the policy, without notice, was automatically transferred as of the date of the delivery of the second tractor for a period of 30 days to the newly acquired tractor.''

It was held that, since the accident occurred within 30 days of the delivery of the second tractor, the insurance was in force.

In *Melendez* v. *General Acc., Fire & Life Assur. Corp., Ltd.*, 70 N.Y.S.2d 404, a policy was issued on February 16, 1943, covering a Ford for one year. On March 6, 1943, the insured exchanged the Ford for a Plymouth and the accident occurred on March 26, 1943. The policy provided ''If the named insured who is the owner of the automobile acquires ownership of another automobile and so notifies the company within 30 days following the date of its delivery to him, such insurance as is afforded by this policy applies also to such other automobile as of such delivery date. The accident happened within 30 days and the company refused to defend. A jury disagreed on the question as to whether or not notice had been given within 30 days, the evidence on that point being conflicting. The Supreme Court granted the plaintiff's motion for a directed verdict on the ground that ''there was an 'automatic' coverage of the new car within that period whether or not notice was given to the company.'' This decision of the Supreme Court was affirmed on appeal to the appellate division of the Supreme Court (79 N.Y.S.2d 307), and leave to appeal to the Court of Appeals was denied (80 N.Y.S.2d 725).

Similar rules were recognized in *Blixt* v. *Home Mut. Ins. Co.*, 145 Neb. 717 [18 N.W.2d 78], although it was there held that the time for notice had expired, and in *Farm Bureau Auto Ins. Co.* v. *Martin*, 97 N.H. 196 [84 A.2d 823, 29 A.L.R.2d 811]. They have also been at least partially recognized in three cases cited by the appellant: *Ash-Grove Lime & Portland Cement Co.* v. *Southern Surety Co.* 225 Mo. 712 [39 S.W.2d 434]; *Maryland Cas. Co.* v. *Toney*, 178 Va. 196 [16 S.E. 2d 340]; and *Mitcham* v. *Travelers Indem. Co.*, (N.C.) 127 F.2d 27, although in each of those cases recovery was denied since the accident happened after the period for notice had expired .

In *Jamison* v. *Phoenix Indem. Co.*, 40 F.Supp. 87, the acci-

dent happened within the 10-day notice period but the insured had given no notice within that time of the change in cars. The District Court there held that the automatic coverage provision applied only in the event that notice was given the insurer within the 10-day period. However, in *Hoffman* v. *Illinois Nat. Cas. Co.*, 159 F.2d 564, the Circuit Court for the Seventh Circuit, although referring to that case, did not follow it.

In *Merchants Mut. Cas. Co.* v. *Lambert,* 90 N.H. 507 [11 A.2d 361, 127 A.L.R. 483], a replacement was involved, and the policy contained similar provisions, with the added provision that the insurance would terminate on the replaced automobile. The accident happened the same day the insured acquired the replacing car. The court held that a provision that the policy should not cover the replacing car "unless the named insured pays any additional premium required" was not a condition precedent; that the insured had 10 days in which to notify the company of any replacement; and that "Until that time and until a demand for an additional premium had been made," the insurance would be in force upon the replacing car. In discussing this case the appellant here says: "As for notice to the company, Lambert's accident happened the same day he acquired the vehicle, again bringing the situation within the intention to provide coverage until a reasonable opportunity was had to notify the company." This admission indicates the principle applied in practically all of the cases cited that such policy provisions disclose an intention to provide automatic coverage for a short period, giving a reasonable opportunity for notice to the company, and making any coverage beyond that period dependent upon the giving of such a notice. This reasonable period was here fixed at 30 days.

█ These cases, with the exception of the Jamison case, support the view that under such policy provisions as here appear there is automatic coverage after the delivery of the newly acquired automobile during the period in which notice may be given, and that the requirement of notice is merely a condition subsequent which must be complied with in order to keep such coverage in effect beyond that period.

The appellant argues that these cited cases are "replacement" cases in which the insurance on the other car was terminated, and where the insured was required to accept the new risk; that in the instant case the newly acquired car was not

a replacement and the insurance on the described car did not terminate; that in this case the appellant was not required to accept the risk of the newly acquired car; and that upon receipt of a notice within the 30 days the appellant would have been free to accept or reject the added risk. While conceding that these provisions were intended to provide the insured with protection, where there would normally be none in the absence of some carry-over provision, and that the provisions of an insurance policy should be liberally interpreted for the benefit of the insured, it is further argued that the company was entitled to define the limits within which "this extended coverage" should be available; and that justice requires a reversal.

While most of the cases above cited were "replacement" cases and some of them contain a provision terminating the coverage on a described car in that event, the policy provision here in question was not confined to any such replacement or such a termination with respect to the described car. ■ It is obviously not limited to some change of situation with respect to the described automobile, and it refers to "an automobile" and not to any "constant normal turnover" of vehicles. This provision is in the alternative, applicable either if a newly acquired car is a replacement or if at its delivery date the company insures all automobiles then owned by the insured. The court found, on undisputed evidence, that the latter situation here existed. No good reason appears why the principles applied in the cited cases should not be equally applicable here, since this alternative provision was included in the policy.

In view of the established rules applicable to insurance contracts, we conclude that the trial court's interpretation of this policy was a reasonable one, and that it should not be set aside. At best, these provisions were somewhat ambiguous. ■ A reasonable person might reasonably assume from the language used that automatic coverage of a newly acquired automobile was provided for 30 days, which would then cease in the event the required notice was not given. Under any other theory, no additional protection was given the assured and this provision would be meaningless and useless. If notice was required to effect any coverage, even during the 30-day period, the insured would be just where he would have been in the absence of any such provision. Without that provision he could apply for insurance on the other car and the company could accept or reject his application. If, as appellant

argues, there was no coverage during the 30 days and the company was free to refuse the risk even if notice was given, no protection was added by this provision. Unless this provision was inserted in the policy for the purpose of deception, and this should not be assumed, it meant something and was intended to confer some benefit on the insured. It may reasonably be interpreted as intended to furnish an additional protection on a temporary basis; to be in effect, in appellant's language, "until a reasonable opportunity was had to notify the company." This reasonable opportunity was fixed at 30 days. If appellant's intention was otherwise, this provision should have been eliminated from the policy and such other intention more clearly expressed.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.