Owen McGivern, J.
This action has been brought by an insurance underwriter for a judgment declaring it not liable pursuant to an automobile insurance policy issued by it to a named insured, Irving L. Klein, on November 27, 1953, for a period of one year. On June 14, 1954, and before the expiration of the policy, the insured died. On July 26,1954, or 42 days later, and while the car of the deceased was being operated by his son, Bernard Klein, the car was in an accident, the result of which was a legal action against the son. Now, the insurance carrier requests this court to declare that it is not bound to defend this action, and it bases its request on section 16 of the policy, which reads: “ Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the named insured shall die or be adjudged bankrupt or insolvent within the policy period, this policy unless canceled, shall, if wuútten notice be given to the company within sixty days after the date of such death or adjudication, cover (1) the named insured’s legal representative as the named insured, and (2) under coverages A and B subject otherwise to the provisions of Insuring Agreement III, any person having proper temporary custody of the automobile, as an insured, and under Coverage C while the automobile is used by such person, until the appointment and qualification of such legal representative but in no event for a period of more than sixty days after the date of such death or adjudication. ” It is conceded that no written notice within the 60-day period, subsequent to the death of the insured, was ever received. The company contends that without such a notice, it is off the policy. The defendants maintain that for the policy to live on during this period no notice was necessary.
The first such written notice appears to have been given on November 12, 1954, at which time the policy was indorsed to the name of the defendant Sarah Klein, as administratrix of the estate of Irving Klein.
The question is thus presented whether written notice within 60 days of death is essential or whether there is automatic coverage for 60 days after death. The precise question does not *878 s,eem to have been adjudicated by any New York court, nor are the decisions in other jurisdictions under similar clauses determinative.
An analogous provision dealing with the acquisition by the insured of a new automobile is found in Melendez v. General Acc. Fire & Life Assur. Corp. (189 Misc. 392, affd. 273 App. Div. 960, motion for leave to appeal denied 274 App. Div. 763, 298 N. Y. 935). The clause in question reads: “ if the named insured who is the owner of the automobile acquires ownership of another automobile and so notifies the company within thirty days following the date of its delivery to him, such insurance as is afforded by this policy applies also to such other automobile as of such delivery date. ”
An accident occurred within 30 days after the acquisition of the new car. There was a dispute as to whether notice was given within the prescribed 30-day period. Mr. Justice Dickstein held that it was unnecessary to decide whether or not such notice had been given within the 30-day period and that the clause in question provided automatic coverage for 30 days.
The unanimous affirmance by the Appellate Division of this department of Mr. Justice Dickstein’s decision in the Melendez case requires this court to hold that the clause here involved provides automatic coverage for 60 days and that notice need not be given to provide coverage for an accident occurring in that period. The court also has discovered that the Melendez case has recently been cited in Western Cas. & Surety Co. v. Lund (234 F. 2d 916).
In view of the foregoing it is unnecessary to consider the defenses of waiver and estoppel. Judgment is directed for the defendants dismissing the complaint, without costs.