FARM & CITY INSURANCE COMPANY, Appellant,

v.

Duston A. ANDERSON, Emilio Partida and Eustolia Partida, Appellees.

No. 93–52.

Supreme Court of Iowa.

Dec. 22, 1993.

David L. Leitner, Des Moines, for appellant.

Jerry A. Soper, Davenport, for appellee Anderson.

Marsha M. Beckelman and James P. Craig of Moyer & Bergman, Cedar Rapids, for appellees Partidas.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

TERNUS, Justice.

The main issue we must decide in this case is whether a newly acquired vehicle is a "covered auto" under an insurance policy. Specifically, we must determine whether an insured receives automatic coverage for thirty days after becoming the owner of a vehicle even though he does not request coverage for the vehicle as required by the terms of his policy. Both the insured and the insurer filed motions for summary judgment in this case. The district court denied the insurer's motion and granted the insured's motion. We reverse.

I. *Background Facts.*

On the night of May 16, 1992, or the early morning of May 17, 1992, a collision occurred between vehicles operated by Duston Anderson and Emilio Partida. Mr. Partida and his wife, who was a passenger in his car, claimed to have sustained injuries from the accident.

At the time of the collision Anderson had an insurance policy in force with Farm and City Insurance Company (Farm and City). The policy did not cover liability arising from the use of a vehicle owned by the insured unless the vehicle qualified as a "covered auto." The relevant policy provision states:

J. "Your covered auto" means:

    1. Any vehicle shown in the Declarations.

    2. Any of the following types of vehicles on the date you become the owner:

      a. a private passenger auto; or

      b. a pickup or van that

    (1) has a Gross Vehicle Weight of less than 10,000 lbs.; and

    (2) is not used for the delivery or transportation of goods and materials. . . .

This provision (J.2.) applies *only if:*

a. you acquire the vehicle during the policy period;

b. *you ask us to insure it within 30 days after you became the owner;* and

c. with respect to a pickup or van, no other insurance policy provides coverage for that vehicle. . . .

(Emphasis added.) The vehicle listed in the policy was a 1983 Oldsmobile. However, Anderson was driving a 1982 Volkswagen pickup when the collision occurred.

In December 1991, Anderson's father had offered him the Volkswagen pickup, then disabled, if he could get it running again. Anderson repaired the pickup and had it operational around April 10, 1992. The certificate of title to the pickup was transferred to Anderson on April 16. He began driving the pickup on April 23 after his Oldsmobile was vandalized. Anderson never asked Farm and City to insure the pickup.

Farm and City denied Anderson insurance coverage on the basis that the pickup was not a "covered auto" under the terms of the policy. Subsequently, Farm and City filed this action requesting a declaratory judg-

ment that it did not have a duty to defend Anderson or indemnify him for damages suffered by the Partidas.

Each party filed a motion for summary judgment. Based on a stipulation by Farm and City, since disputed, that the accident happened on May 16, the district court found there were no genuine issues of material fact. The court held that the policy provided automatic coverage for newly acquired vehicles during the thirty day period whether or not the insured made a request for insurance. The court then concluded that because the accident occurred within thirty days of April 16, the date Anderson obtained title to the pickup, the pickup was a "covered auto" under the insurance policy. Anderson's motion for summary judgment was granted.

Farm and City appeals the ruling of the district court and primarily argues that the court erred in holding there was automatic coverage on the pickup even though Anderson did not give the insurer notice within thirty days of becoming the owner. Farm and City asserts notice was required and therefore the district court should have granted its motion for summary judgment rather than the summary judgment motion of Anderson. For simplicity we refer only to Anderson rather than all three appellees in the remainder of this opinion.

## II.  *Scope of Review.*

■ The parties dispute the proper scope of review. Farm and City argues that our review should be de novo because this case was an equity action. Anderson contends that our review of a summary judgment motion is on error. Even in an equity case we cannot find facts de novo in an appeal from a summary judgment motion. *Lyon v. Willie,* 288 N.W.2d 884, 894 (Iowa 1980). Accordingly, our scope of review is on error.

■ On appeal from summary judgment, we view the whole record in a light most favorable to the party opposing the motion. Our task on appeal is to determine whether a genuine issue of material fact exists, and whether the law was correctly applied. *Meylor v. Brown,* 281 N.W.2d 632, 634 (Iowa 1979).

With these principles in mind we first address the question of whether the district court correctly applied the law in ruling that Anderson's pickup was a "covered auto" under the insurance policy.

## III.  *Newly Acquired Vehicle Coverage.*

The parties dispute the effect of the insurance policy provision that defines a "covered auto" to include a vehicle acquired during the policy period if "you ask us to insure it within thirty days after you become the owner." (Similar provisions have been referred to as automatic insurance clauses or newly acquired vehicle clauses.) Farm and City contends that this definition requires a request from the insured in order for the newly acquired vehicle to be a "covered auto." Anderson argues that no request is necessary for coverage during the thirty day period.

It is true the majority of jurisdictions have held that insurance coverage automatically attaches during the notice period, and subsequently becomes void after the thirty day period of time if notice is not given. *See* James L. Isham, Annotation, *Construction and Application of "Automatic Insurance" or "Newly Acquired Vehicle" Clause ("Replacement," and "Blanket" or "Fleet" Provisions) Contained in Automobile Policy,* 39 A.L.R.4th 229 (1985); M.O. Regensteiner, Annotation, *Construction and Application of Automatic Insurance Clause or Substitution Provision of Automobile Liability or Indemnity Policy,* 34 A.L.R.2d 936 (1954). In fact, we have referred to this general rule in dicta in considering whether an automatic insurance provision extended coverage to an accident which occurred months after the thirty day notice period expired. *Inghram v. Dairyland Mut. Ins. Co.,* 178 N.W.2d 299, 302 (Iowa 1970). However, after reviewing the cases espousing the majority view we are not convinced that application of this rule would be a proper interpretation of the policy language involved in this case.

It is interesting that the earliest case which interprets the notice requirement of an automatic insurance provision reached a conclusion contrary to the current majority rule. *See Jamison v. Phoenix Indem. Co.,* 40

F.Supp. 87 (D.N.J.1941). The court in *Jamison* interpreted the policy to extend automatic coverage during the notice period only if notice is given the insurer during that period. *Id.* at 89.

An early decision which apparently gave birth to the majority position is *Hoffman v. Illinois National Casualty Co.*, 159 F.2d 564 (7th Cir.1947). In that case, the insured was involved in an accident while driving a newly acquired vehicle within the notice period. The insurer argued that for the policy to apply notice was required before the accident, even though the notice period had not expired at the time of the collision. It is not clear from the opinion whether notice had been given after the accident yet still within the required time. In holding that there was coverage, the court concluded that a reasonable person reading the policy would assume that coverage would transfer to the newly acquired vehicle automatically without notice. Although the *Hoffman* case clearly stands for the proposition that notice is not required before an accident which occurs during the notice period, the court's implication that no notice at all is required for coverage during the notice period may be mere dicta.

The persuasiveness of the *Hoffman* case is further undermined when the cases cited as authority for its holding are reviewed. The *Hoffman* court relied on the decisions of three courts, none of which had before it the issue of whether notice was required for coverage to attach during the notice period. *See Union Auto. Indem. Ass'n v. Reimann*, 171 S.W.2d 721 (Mo.App.1943) (policy specifically provided that coverage would automatically transfer "without notice" for ten days); *Merchants Mut. Cas. Co. v. Lambert*, 90 N.H. 507, 11 A.2d 361 (1940) (issue was whether newly acquired vehicle was a replacement vehicle); *Thompson v. State Auto. Mut. Ins. Co.*, 122 W.Va. 551, 11 S.E.2d 849 (1940) (issue was when notice period began).

Since the *Hoffman* decision, many courts have simply relied on the "general rule" in holding that notice is not required for coverage during the notice period. These courts have undertaken no independent analysis of the rationale for such a rule. *E.g., Central Nat'l Ins. Co. v. LeMars Mut. Ins. Co.*, 294 F.Supp. 1396, 1401 (S.D.Iowa 1968); *Georgia Mut. Ins. Co. v. Criterion Ins. Co.*, 131 Ga. App. 339, 206 S.E.2d 88, 90 (1974); *Glacier Gen. Assur. Co. v. State Farm Mut. Auto. Ins. Co.*, 150 Mont. 452, 436 P.2d 533, 536 (1968); *Melendez v. General Accident, Fire & Life Assur. Corp.*, 189 Misc. 392, 70 N.Y.S.2d 404, 406 (Sup.Ct.1947), *aff'd*, 273 A.D. 960, 79 N.Y.S.2d 307 (1948); *Palmer v. State Farm Mut. Auto. Ins. Co.*, 614 S.W.2d 788, 791 (Tenn.1981). Similarly, other courts cited as having adopted the majority position have merely referred to the general rule in dicta. *E.g., Carpenter v. Gasper*, 116 Ohio App. 45, 186 N.E.2d 481, 484 (1962); *Consumers United Ins. Co. v. Johnson*, 26 Wash. App. 795, 614 P.2d 657, 659 (1980).

Some of the few courts which have discussed the basis for holding that coverage is automatic during the notice period even in the absence of notice have found the policy provisions ambiguous. *E.g., Brown v. Security Fire & Indem. Co.*, 244 F.Supp. 299, 307 (W.D.Va.1965); *Birch v. Harbor Ins. Co.*, 126 Cal.App.2d 714, 272 P.2d 784, 788 (1954); *Shelby Mut. Ins. Co. v. Kistler*, 347 Pa.Super. 222, 500 A.2d 487, 489 (1985). For example, in the *Shelby* case, the court found that the applicable provisions were unclear as to whether notice within thirty days is "required for coverage to attach during the coverage period or whether notice within thirty days is required only to extend coverage beyond the thirty day period." *Id.*, 500 A.2d at 489. Because the court found the provision ambiguous, it interpreted the policy in favor of the insured and held that insurance coverage automatically attaches during the notice period. *Id.*

Courts have also justified the general rule with the observation that the automatic insurance clause would not give "automatic" coverage if notice were required for coverage during the notice period. *E.g., Brown*, 244 F.Supp. at 307; *Shelter Mut. Ins. Co. v. Baker*, 753 S.W.2d 646, 649 (Mo.App.1988); *Shelby Mut. Ins. Co.*, 500 A.2d at 489.

We are not persuaded by the reasoning used to justify the majority rule. First of all, we do not agree that the policy provision at issue here is ambiguous. We apply rules of construction to an insurance

policy only when the terms are ambiguous or unclear. *Bosch v. Garcia,* 286 N.W.2d 26, 28 (Iowa 1979). The test for ambiguity in an insurance policy is whether a reasonable person would read more than one meaning into the words. *Smithway Motor Xpress, Inc. v. Liberty Mut. Ins. Co.,* 484 N.W.2d 192, 194 (Iowa 1992).

The policy provides that a newly acquired vehicle becomes a "covered auto" *"only if"*: (1) the insured acquires the vehicle within the policy period; *and* (2) the insured asks the company to insure it within thirty days after the insured becomes the owner. The insured's request for coverage is a condition that must be met in order for the newly acquired vehicle to be a "covered auto" under the policy. We fail to see how a reasonable person could read this provision to mean anything else.

Additionally, we do not believe that our interpretation renders the automatic insurance provision meaningless. Coverage for newly acquired vehicles is still automatic in the sense that the insurer is not at liberty to deny requested coverage on the basis that the vehicle is not listed in the policy. Moreover, coverage retroactive to the date of ownership is automatically extended upon the insured giving the required notice even though the insured may have been involved in an accident with the vehicle before such notice is given. Thus, this provision gives the insured valuable protection even under our interpretation of the policy. It assures coverage for an accident occurring during the notice period, *provided* notice is given. Without the automatic insurance clause, Farm and City would certainly not be required to extend coverage to an accident involving a vehicle owned by the insured but not listed in the policy.

We hold that under this policy provision a newly acquired vehicle becomes a "covered auto" only if the insured requests coverage for the vehicle within the thirty day period after the insured becomes the owner. The clear language of the policy dictates this result. *Garrote v. Liberty Mut. Ins. Co.,* 496 F.2d 1168, 1170 (5th Cir.1974); *Jamison v. Phoenix Indem. Co.,* 40 F.Supp. 87, 89 (D.N.J.1941); *Lowe v. State Farm Mut. Auto. Ins. Co.,* 420 So.2d 318, 319 (Fla.Dist. Ct.App.1982); *Auto–Owners Ins. Co. v. Winter,* 188 Mich.App. 230, 469 N.W.2d 314, 315 (1991).

## IV. *Existence of Disputed Material Fact.*

■ The record on appeal reveals disputed issues of fact concerning when Anderson became the owner of the pickup and the date the collision occurred. We must determine whether these factual issues are material and preclude summary judgment. "An issue of fact is 'material' only when the dispute is over facts that might affect the outcome of the suit, given the applicable governing law." *Fees v. Mutual Fire & Auto. Ins. Co.,* 490 N.W.2d 55, 57 (Iowa 1992).

We find that neither of the disputed facts is material because of our holding in division III that absent notice there is no automatic coverage during the thirty day notice period. Regardless of whether Anderson became the owner of the pickup on April 10 or April 16, it is undisputed he failed to give the required notice within thirty days. Therefore, the pickup was not a "covered auto" under the policy. Whether the accident happened on May 16 or May 17 does not alter this conclusion.

## V. *Conclusion.*

Anderson's pickup was not a "covered auto" under the Farm and City policy because Anderson did not request Farm and City to insure the pickup within thirty days of his acquisition of the vehicle. There were no genuine issues of material fact in dispute. Because the policy did not cover liability arising from the use of a vehicle owned by the insured but not qualifying as a "covered auto," the Farm and City policy did not insure Anderson's potential liability to the Partidas.

We hold that the district court erred in denying Farm and City's motion for summary judgment and in granting summary judgment in favor of Anderson. Accordingly, we reverse the court's ruling granting Anderson's motion and remand to the district

court for entry of summary judgment in favor of Farm and City.

**REVERSED AND REMANDED.**