Darla JOHNSON et al., Plaintiffs-
Appellees,

v.

Homer E. RICHARD, Defendant,

and

Employers Fire Insurance Company of
Boston, Massachusetts, Garnishee-
Appellant.

No. 534–70.

United States Court of Appeals,
Tenth Circuit.

Aug. 13, 1971.

Raymond M. Berry, Salt Lake City, Utah (Harold G. Christensen, and Worsley, Snow & Christensen, Salt Lake City, Utah, on the brief), for garnishee-appellant.

Anthony M. Thurber, Salt Lake City, Utah, for plaintiffs-appellees.

Before LEWIS, Chief Judge, and SETH and COFFIN *, Circuit Judges.

SETH, Circuit Judge.

Employers Fire Insurance Company, garnishee, has taken this appeal from the granting of a summary judgment against it by the United States District Court for the District of Utah. The issues concern policy provisions relating to the automatic coverage for "substitute" or "additional" vehicles as they apply to a trailer being towed by the car for which such a policy had been issued by Employers to Mr. Homer E. Richard.

Plaintiffs Johnson had previously brought suit against defendant, Homer E. Richard, for wrongful death and personal injuries resulting from an automobile accident, and had recovered a judgment against him. Plaintiffs thereafter garnished Employers Fire Insurance Company and moved the district court for summary judgment based upon Employers' answers to the garnishment interrogatories, and on affidavits, depositions

---

* Of the First Circuit, sitting by designation.

of Employers' writing agent, John T. Lowman, Employers' master driver policy supervisor, and of the insured defendant, Homer E. Richard. The trial court granted the motion, and this appeal was taken.

Plaintiffs Johnson and defendant, Homer E. Richard, were involved in a triple-fatal, head-on automobile collision. Mr. Richard was towing at the time a 1969 Aljo trailer he had purchased six days earlier in North Bend, Oregon, for which he had traded a 1966 Aljo trailer he had towed from Illinois. When he purchased the new trailer, he called or the salesman called his insurance agent, John T. Lowman, in Pekin, Illinois, requesting that coverage be transferred from the 1966 trailer to the 1969 trailer. At that time, Richard had a physical damage policy on the old trailer written by the Wolverine Insurance Company, and several days later, Lowman transferred the coverage on the Wolverine policy to the new trailer.

At the time of the accident Mr. Richard had a master driver policy issued by Employers describing the 1968 Chrysler automobile he was driving. It is this policy that is the basis of contention here, and it expressly excludes coverage:

> "[U]nder the liability coverage (i) to any automobile while being used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or to any trailer covered by this policy while not being used with any automobile owned or hired by the insured and not covered by like insurance in the company."

There is no mention of coverage for a trailer in this policy as written for Mr. Richard. The question thus became whether or not certain acts subsequent to the accident on August 17, 1969, provided liability coverage with Employers on the new trailer under the master driver policy, thereby making the above quoted exclusion inapplicable for the reason that the trailer would then be "covered by like insurance."

To determine whether or not the newly acquired trailer was covered by the master driver policy of Richard, it is necessary to examine the policy definition of the term "owned automobile." The policy defines an "owned automobile" in part to mean:

> "(a) [A] private passenger or utility automobile or home trailer described in this policy for which a specific premium charge indicates that coverage is afforded.

> "(b) a private passenger or utility automobile or home trailer, ownership of which is acquired by the named insured during the policy period, provided

> "(1) it replaces an owned automobile as defined in (a) above, or

> "(2) the company insures all private passenger and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days thereafter of his election to make this and no other policy issued by the company applicable to such automobile or trailer,

> "(c) a temporary substitute automobile."

The important part of that definition for our purposes is section (b) (2). It is not disputed that Employers insured all automobiles owned by Richard when he acquired the new trailer. The trial court held under this policy provision that Richard had a period of thirty days from the acquisition of the new trailer in which to notify Employers of his election to have the trailer covered by the master driver policy. The trial court found further that such an election was made in the undisputed events that transpired in the thirty days following the purchase of the new trailer, and the trailer then being insured, the coverage on the car was effective. The trial court in so doing considered the trailer in question to be a "home trailer."

On August 18th Mr. Lowman, Mr. Richard's insurance agent who had been previously called about "transferring"

the trailer coverage on August 11th, learned of the accident that had occurred on August 17th. It appears that Lowman had some doubt as to Employers' position on the question of liability coverage for Richard following the accident, and on August 26th he prepared and forwarded to Employers an endorsement requesting formal addition of the newly acquired trailer to Employers' policy with various coverages, including bodily injury liability, effective the date of acquisition and notice to the agent, August 11, 1969. This request was received by Employers on August 27, 1969, and the endorsement issued. The company had no notice of the accident when it so acted.

The trial court held that the endorsement request of the agent constituted the thirty-day notice required by section (b)(2) cited above, defining the term "owned automobile." None of the relevant facts are in dispute. It is clear and uncontested that Lowman, acting as Richard's agent, took steps to be sure that Employers was advised within the thirty-day period that Richard intended to have liability coverage on the new trailer with Employers, in order to assure that the exclusion in the master driver policy would not apply. Richard was hospitalized in Utah at the time as a consequence of the accident. The question presented is whether such notification of acquisition and intention to have this policy apply to the trailer was valid and operated to insure the trailer, and thus continue to insure the car, from the date of acquisition of the trailer even though the notice was given subsequent to an accident involving car and trailer.

■ In Western Casualty & Surety Co. v. Lund, 234 F.2d 916 (10th Cir.), we held that under a policy with a similar policy provision, the automatic coverage becomes effective immediately on the re-placement of the car and continues for the notice period, although the insured does not advise the company one way or the other. This appears to be the almost universal rule. Thus an accident after the acquisition of a different vehicle, but before notice to the carrier, does not affect the automatic coverage provision. In the case before us we thus hold that there was coverage by Employers on the trailer at the time of the accident and thus also on the car.

■ The company urges also that the "additional" vehicle and "replacement" vehicle paragraphs are for different purposes, and are not alternative categories for coverage. Thus it urges that the new trailer was actually a "replacement" for the old uninsured one and being such could not be considered as an additional vehicle. The company argues that otherwise the "replacement" for the uninsured old trailer thereby becomes insured and this result should not come about. This is not a reasonable construction of the policy provisions because as far as the policy or the carrier is concerned, the new trailer was an additional vehicle which fits in the policy definition. It makes no difference whether the old trailer was not insured or was not existent for these purposes.

Under the circumstances of this case, the trial judge was correct in rendering summary judgment. There were no material facts in dispute. Employers was clearly notified by Richard's agent that Richard intended the master driver policy to cover liability on the new trailer, and this is sufficient as a notice by the insured. The law is clear that the intervening accident did not render that notice invalid. Accordingly, the judgment of the district court is

Affirmed.