The **EMPLOYERS' FIRE INSURANCE COMPANY**, Plaintiff,

v.

**John Thomas LOWMAN**, Defendant.

Civ. A. No. P–3229.

United States District Court,
S. D. Illinois, N. D.

Sept. 14, 1971.

---

Lyle W. Allen, Peoria, Ill., for plaintiff.

R. Michael Henderson, Peoria, Ill., Oltman & Morris, Pekin, Ill., for defendant.

## DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

ROBERT D. MORGAN, District Judge.

In this case the plaintiff, The Employers' Fire Insurance Company, seeks to recover from the defendant, John Thomas Lowman, an authorized agent of plaintiff, a loss of some $81,000 which plaintiff has incurred through an automobile insurance policy it had issued to the insured, one Homer E. Richard. The theory is breach of fiduciary duty alleged to have caused such loss. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, and defendant Lowman has moved for summary judgment under Rule 56, Federal Rules of Civil Procedure.

The undisputed facts leading to this suit are as follows. Defendant has been Mr. Richard's insurance agent since 1957, handling insurance on all automobiles he has owned during that time, and on his house. On May 17, 1968, Mr. Richard bought his first trailer, a 1966 model, of the camper trailer variety. He obtained through defendant an insurance policy covering loss of or to the trailer from Wolverine Insurance Company. On June 3, 1968, defendant applied to plaintiff for a comprehensive policy, including liability coverage, on the Richard automobile. Defendant did not inform plaintiff that Mr. Richard also owned a camper trailer. The automobile policy was issued, has been renewed several times, and was in effect at all times relevant to this action.

On July 28, 1969, Mr. Richard began a trip from his home in Illinois through a number of western states, towing his trialer with the insured family car. In Oregon, on August 10, 1969, he purchased a new camper trailer, a 1969 model, trading in the 1966 model. He notified defendant of the trade by telephone and asked defendant to switch insurance coverage to the new trailer. The defendant called Wolverine and had the trailer policy changed on August 13, 1969, but still did not mention any trailer to plaintiff.

On August 17, 1969, Mr. Richard was involved in a fatal highway accident in Utah, while towing the new trailer. Subsequently, a judgment was rendered against him in the United States District Court for the District of Utah in the amount of $75,000. The successful plaintiffs in that action then commenced

a garnishment proceeding in Utah against the plaintiff in this case, seeking to collect on their judgment. The District Court in Utah granted summary judgment for the plaintiffs, holding that Mr. Richard's automobile policy from plaintiff did cover his liability for the accident. That decision was recently affirmed by the United States Court of Appeals for the Tenth Circuit (Johnson et al. v. Richard, decided August 13, 1971, C.A. 10th, 445 F.2d 1025).

Plaintiff's assertion in the instant case is that the coverage found to exist in the Utah garnishment proceeding arose through breach of defendant's fiduciary duty of full disclosure to it as its agent. Specifically, plaintiff alleges: (1) that defendant failed to disclose that Mr. Richard owned a trailer when the original automobile policy was issued; (2) that defendant did not notify it of Mr. Richard's purchase of the 1969 trailer; (3) that after learning of the accident defendant applied for an endorsement of the automobile policy to expressly cover the new trailer from the date of its acquisition, without informing plaintiff that such trailer had already been involved in the accident; and (4) that after plaintiff decided to revoke the endorsement defendant refused to notify Mr. Richard of the revocation.

Briefly stated, defendant argues that policy coverage and plaintiff's consequent loss resulted from the terms of the policy itself, that the policy was not acquired or renewed through any wrong, and that any possible acts or omissions by the defendant subsequent to the accident are irrelevant and immaterial.

On a motion for summary judgment the court must decide whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. In the view of this court, the undisputed facts here entitle the defendant to judgment as a matter of law. Consequently, any other facts which may be in dispute are not material, and summary judgment should be granted in favor of the defendant.

Although the matter of coverage and plaintiff's consequent liability to its insured were conclusively established in the Utah suit, in order for this court to determine whether any alleged wrongful conduct of defendant could have occasioned that liability, we must examine the terms of the policy for such light as they may shed on how that coverage actually did arise: The policy expressly excludes liability coverage for:

" * * * any automobile while being used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company. * * * "

Thus, the next question is whether Mr. Richard's trailer was covered by "like insurance in the company." (We know it was insured against some risks to it by another company.)

The liability coverage under plaintiff's policy here extends to damages "arising out of the ownership, maintenance or use of an owned automobile * * *," which is defined in the policy as follows:

" 'owned automobile' means

"(a) a private passenger or utility automobile or home trailer described in this policy for which a specific premium charge indicates that coverage is afforded,

"(b) a private passenger or utility automobile or home trailer ownership of which is acquired by the named insured during the policy period, provided

(1) it replaces an owned automobile as defined in (a) above, or

(2) the company insures all private passenger and utility automobiles owned by the named insured on the date of such acquisition and the named in-

sured notifies the company within 30 days thereafter of his election to make this and no other policy issued by the company applicable to such automobile or trailer,

"(c) a temporary substitute automobile, and includes, while used with any automobile described above, a home trailer not owned by the named insured or a utility trailer;. * * *"

Careful study of this language drafted by plaintiff itself reveals that any "utility trailer" when pulled by an "owned automobile" is itself deemed an "owned automobile." Since it is undisputed that Mr. Richard's automobile was an "owned automobile" under the policy, the crucial question is whether Mr. Richard's trailer was a "utility trailer," covered by the policy as an "owned automobile," or a "home trailer," which would be covered only if described in the policy. This is a problem of legal interpretation of undisputed policy language and, hence, a question of law, not a disputed issue of fact.

A "utility trailer" is defined in the policy as "a trailer designed for use with a private passenger automobile, if not a home, office, store, display or passenger trailer. * * *" Since Mr. Richard's camper trailer was admittedly designed for use, and was in fact used, with a private passenger automobile, and since it quite clearly was not an office, store, display or passenger trailer, it follows unavoidably that Mr. Richard's trailer is a "utility trailer" unless it is a "home trailer."

Plaintiff argues that because the Richard trailer contained a dining area, kitchen and bath facilities, and a bedroom, it simply must be a "home trailer." However, in the absence of a clear definition of the words "home trailer," either in the policy or the agents' manual, or something else furnished by plaintiff to its agents, defendant was entitled to use, and the court must use, the ordinary and generally accepted meaning of the word "home" in distinguishing a "home trailer" from a "utility trailer." Webster's currently defines "home" as "a family's place of residence: Domicile." [1] This court believes that the residence or domicile concept must be used here to determine what the proper construction is for the words "home trailer" in this context. In the absence of clear instruction to the contrary from the plaintiff who drafted the policy, the subjective test, of actual use, is clearly available to agents or anyone else. It may reasonably be argued that this doesn't make much sense in relation to the risk, but neither do the other trailer distinctions which the plaintiff's policy makes. An unquestionable utility trailer may be much bigger and heavier than a small office or display trailer. Clearly, the plaintiff did not provide an objective test for trailer coverage based on size, shape, weight or facilities.

It is undisputed that Mr. Richard has continuously maintained a home in Pekin, Illinois, since before acquiring his first camper trailer; that he has never spent more than two or three nights in the trailer in any one place; and that he has never used the trailer except on temporary trips away from his home in Pekin, Illinois. Under these circumstances, the court holds that this camper trailer is not a "home trailer," but is, instead, a "utility trailer," covered by the terms of the automobile insurance policy issued by plaintiff to Mr. Richard.

The fact that the United States Court of Appeals for the Tenth Circuit did not rest its decision on this theory of coverage is of no consequence here. That court was concerned only with whether coverage existed, not with all possible bases therefor. It in no sense foreclosed the theory here adopted.

---

1. Webster's Seventh New Collegiate Dictionary, G. & C. Merriam Company, 1971.

The court having adopted this "utility trailer" theory of liability coverage by the basic policy, no possible act or omission of the defendant after the issuance thereof could have occasioned the plaintiff's liability. Disputes about what was said or done thereafter are simply immaterial questions of fact which the court does not hold trials to decide because such resolution would not change the result. Thus, plaintiff's only remaining theory for recovery here is that the defendant breached an agent's fiduciary duty by failing to notify the company that Mr. Richard owned a trailer of some kind when the policy was issued. While such disclosure might have avoided the question, the plaintiff has simply assumed some duty of the defendant agent to report known ownership of a trailer of any kind by a potential automobile liability insurance applicant.

When the policy undertakes to specify what trailers are covered and what are not, such a duty simply cannot be inferred. Unless there was a violation of some clear instruction, which is not even suggested here, there is no more fiduciary duty of an agent to report ownership of a trailer to his company than to disclose ownership of a car-top luggage or boat carrier, a worn spare tire, or any other fact which might conceivably affect the company's risk.

The plaintiff argues, finally, that issues of defendant's "culpability and liability" show genuine issues of material fact for trial. While possible culpability, if material, could lead to liability as a matter of law, as explained above, any alleged culpability here is believed immaterial to plaintiff's loss and no liability exists on the part of the defendant in this case as a matter of law.

Accordingly, it is ordered that defendant's motion for summary judgment is allowed and judgment is entered in favor of defendant at plaintiff's cost.

