AUTO-OWNERS INSURANCE COMPANY v WINTER

Docket No. 118264. Submitted January 9, 1991, at Grand Rapids. Decided April 1, 1991, at 9:45 A.M.

Auto-Owners Insurance Company brought an action in the Ionia Circuit Court seeking a declaration that it had no duty under a policy of insurance issued to Michael W. Winter to defend him in two wrongful-death actions arising from an accident involving an automobile owned by Michael, but not insured by Auto-Owners, that Michael had attempted to transfer to his brother, Thomas, who was also the driver. The court, James L. Banks, J., ruled that Michael Winter was the owner of the automobile on the date of the accident and that, although he had not notified Auto-Owners of his acquisition of the automobile within thirty days or paid an additional premium as required under a provision for automatic insurance for newly acquired automobiles, on the date of the accident the automobile was insured by Auto-Owners under the automatic insurance provision of a policy Michael had on another vehicle. Auto-Owners appealed.

The Court of Appeals *held:*

The insurance policy clearly requires an insured to provide notice within thirty days of the acquisition of an additional automobile in order for the automatic provision to be effective. Michael Winter did not give Auto-Owners the requisite notice; therefore, coverage for the automobile involved in the accident was not in effect.

Reversed and remanded.

*Plunkett & Cooney, P.C.* (by *John P. Jacobs* and *Robert G. Kamenec*), for Auto-Owners Insurance Company.

*Emery & Bossenbrook* (by *Arlyn J. Bossenbrook*), for Susan Brown and Jerrold Brown, personal representatives of the estate of Jeffrey Brown, deceased.

*Krass & Young* (by *Marshall G. MacFarlane*), for Dominic Spedoske, personal representative of the estate of Keith Spedoske, deceased.

Before: GILLIS, P.J., and MACKENZIE and WEAVER, JJ.

WEAVER, J. Plaintiff, Auto-Owners Insurance Company, appeals as of right a May 25, 1989, declaratory judgment in which it was found to have a duty to defend Michael Winter in proceedings following an auto accident. We reverse.

On March 11, 1985, Denise Tyner transferred ownership of a 1977 Monte Carlo to Michael Winter. On April 5, 1985, Michael attempted to transfer this vehicle to his brother, Thomas. On April 7, 1985, Thomas Winter, while driving this car, was involved in an automobile accident. Two wrongful-death actions arose from this accident.

Michael Winter, a defendant in these suits, sought to have Auto-Owners, who insures his other automobile, defend him in these actions. Auto-Owners brought the instant motion for declaratory judgment. The trial judge found that the transfer of ownership of the car from Denise Tyner to Michael Winter complied with MCL 257.233; MSA 9.1933, but Michael Winter's attempted transfer to his brother Thomas Winter did not. Accordingly, the judge ruled that Michael Winter was the owner of the car on the date of the accident. The trial judge further ruled that on that date the car was insured by Auto-Owners under the "Automatic Insurance for Newly Acquired Automobiles" provision of the insurance policy.

Auto-Owners urges that the court erred in finding that the car was covered under the policy Michael Winter had on his other automobile.

The relevant portion of that policy provides:

IV AUTOMATIC INSURANCE FOR NEWLY ACQUIRED
AUTOMOBILES

If the named insured, who is the owner or lessee of the automobile, or, if the named insured is an individual, his spouse if a resident of the same household, acquires ownership of or leases other equipment of the type described in the Declarations, such insurance as is afforded by this policy applies to such other equipment as of the date of its delivery to him, subject to the following additional conditions:

\*   \*   \*

E. This agreement does not apply:

\*   \*   \*

(3) unless the named insured or spouse notifies the Company within 30 days following the acquisition of an additional automobile; and

(4) unless the named insured pays any additional premium required because of the application of this insurance to such other equipment.

It is not disputed that Michael Winter failed to comply with either the notice condition or the additional premium condition.

The issue before us is whether coverage is afforded an insured for an accident to his newly acquired vehicle occurring within the thirty-day period as set forth in an "automatic coverage" clause of a policy, despite noncompliance with the conditions listed in the policy.

Though several other jurisdictions have ruled coverage is in effect in such a circumstance, we decline to follow their lead. See *Republic Mutual Ins Co v State Farm Mutual Auto Ins Co,* 527 F2d 1002 (CA 4, 1975), (*On Remand*) 413 F Supp 649 (SD W Va, 1976), and *Georgia Mutual Ins Co v Criterion Ins Co,* 131 Ga App 339; 206 SE2d 88 (1974).

The plain reading of the insurance policy before us dictates against such a result. The policy clearly requires notice to be effective; no such notice was given, and therefore we cannot uphold a finding of coverage. We reverse the declaratory judgment holding Auto-Owners liable to defend under the policy. We remand to the trial court to allow the proper order to be entered.

Our resolution of this issue makes it unnecessary to consider appellant's second issue, whether Michael Winter was in fact the owner of the car.

Reversed and remanded. We do not retain jurisdiction.