HOBBY v FARMERS INSURANCE EXCHANGE

Docket No. 164581. Submitted June 6, 1995, at Grand Rapids. Decided July 11, 1995, at 9:05 A.M. Leave to appeal sought.

Sylvia Hobby brought an action in the Muskegon Circuit Court against Farmers Insurance Exchange, her no-fault automobile insurer, seeking personal protection insurance benefits for an accident involving the automobile that replaced the automobile listed in the policy declarations. The court, James M. Graves, Jr., J., granted summary disposition for the defendant, ruling that the replacement automobile was not covered under the policy. The plaintiff appealed.

The Court of Appeals *held:*

The policy defined "your insured car" to include a vehicle acquired by the insured after the effective date of the policy as a replacement for the vehicle described in the declarations. The policy also provided that the insurer had to receive notice of the replacement within thirty days of the replacement.

The trial court erred in concluding that, because the plaintiff had not notified the defendant of the vehicle replacement, there was no coverage for the accident that occurred within thirty days of the vehicle replacement. A plain reading of the policy leads to the inescapable conclusion that the policy creates a thirty-day grace period for notification and that the policy extends coverage to a replacement vehicle during that period even if the insured does not notify the insurer of the replacement.

Reversed and remanded.

*James K. Oslund,* for the plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert E. Attmore*), for the defendant.

Before: Neff, P.J., and Hoekstra and G. Schnelz,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. This case involves first-party, no-fault automobile insurance personal injury protection benefits. Plaintiff appeals as of right from the circuit court's order granting summary disposition to defendant insurer. We reverse and remand for proceedings consistent with this opinion.

I

In March 1991, plaintiff insured a 1978 Datsun with defendant. In late August or early September 1991, plaintiff replaced the 1978 Datsun with a 1977 Ford Granada. At that time, the insurance policy provided, in what is commonly called in the industry an "automatic insurance" clause, that replacement vehicles were covered. Specifically, the contract provided:

> *Your insured car* means:
>
> * * *
>
> 2. Any *replacement*
>
> * * *
>
> *Replacement* means a *private passenger car or utility car* ownership of which is acquired by you after the effective date of this policy, when it replaces the vehicle described in the Declarations. We must be told about it within 30 days after the date of acquisition. [Emphasis in original.]

Plaintiff was involved in an accident within thirty days of replacing the 1978 Datsun, but failed to notify defendant of the replacement within the thirty-day period.

Plaintiff instituted this cause of action after defendant denied her request for medical and work-loss benefits on the basis of her failure to notify it of the change in cars. The circuit court granted summary disposition to defendant, finding that it was constrained to do so by this Court's

opinion in *Auto-Owners Ins Co v Winter,* 188 Mich App 230; 469 NW2d 314 (1991).

II

In *Winter,* the insurance company sought a declaratory judgment that it did not owe a duty to the defendant, the insured, where the defendant's newly acquired automobile[1] was involved in an accident. The insurance contract between the parties in *Winter* provided for automatic insurance for newly acquired vehicles. However, after granting this coverage, the insurance policy provided the following restriction:

E. *This agreement does not apply:*

\* \* \*

(3) unless the named insured or spouse notifies the Company within 30 days following the acquisition of an additional automobile; and

(4) unless the named insured pays any additional premium required because of the application of this insurance to such other equipment. [*Id.* at 232. Emphasis added.]

In discussing whether the insured was covered during the thirty-day period, this Court framed the issue before it in the following manner:

The issue before us is whether coverage is afforded an insured for an accident to his newly acquired vehicle occurring within the thirty-day period as set forth in an "automatic coverage" clause of a policy, despite noncompliance with the conditions listed in the policy. [*Id.* at 232.]

After this seemingly broad statement of the issue,

---

[1] A "newly acquired" automobile is one that is purchased in addition to, rather than as a replacement for, the automobile covered by the insurance.

however, this Court limited its holding to the plain reading of the insurance policy before it, which explicitly provided that the automatic insurance agreement did not apply if the two requirements were not met. *Id.* at 232-233.

### III

The insurance contract in this case is distinguishable from the one at issue in the *Winter* case. Here, the contract does not provide that the automatic insurance agreement is void or does not apply if notice is not furnished. A plain reading of the contract leads to the inescapable conclusion that it creates a grace period to allow the insured to notify defendant of the replacement vehicle. We hold that this automatic insurance clause extends coverage to the replacement vehicle during the grace period even if the insured does not notify the insurer of the replacement. See *Barnard v Fireman's Fund Ins Co,* 996 F2d 246 (CA 10, 1993). Defendant contracted to provide insurance coverage with or without notice for thirty days, so its risk is not in any way increased or altered by this holding. Once the thirty-day period expires, of course, coverage is terminated unless timely notice has been provided.

To hold otherwise would permit an insurer to contract to assume a risk and accept a premium for coverage of the replacement vehicle for the thirty-day grace period, and then retroactively cancel or withhold coverage in the event the risk becomes an actuality in the form of an accident involving the replacement vehicle. We find no justification for such a retroactive cancellation in the face of the plain language of the contract to the contrary.

If an insured has an accident with a replace-

ment vehicle on the day after the transfer, but does not notify the insurer of the replacement until the thirtieth day, there can be no doubt that under the policy language involved here, defendant would have to provide coverage. This is a classic description of the operation of a grace period during which insurance is continued in force until it expires by the terms of the contract, i.e., thirty-one days after acquisition of a replacement vehicle unless notice has been given. Where notice is not given within the thirty-day contractual period, as in this case, the insurance is canceled on the thirty-first day by the terms of the contract, but that does not void coverage agreed upon by the parties for the first thirty days after acquisition. When an insured is involved in an accident, the rights created under the insurance policy become fixed on the date of the accident, and the parties may not retroactively cancel the coverage. See *Madar v League Gen Ins Co,* 152 Mich App 734, 741-742; 394 NW2d 90 (1986). See also *Clevenger v Allstate Ins Co,* 443 Mich 646, 656; 505 NW2d 553 (1993).

Accordingly, we conclude, under our review de novo, that the trial court erred in granting summary disposition to defendant.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.