Gilberto GUERRA, Jr. and Mary Massey Guerra, Appellants,

v.

SENTRY INSURANCE, a Mutual Company, Appellee.

No. 11-95-329-CV.

Court of Appeals of Texas, Eastland.

July 18, 1996.

Rehearing Overruled Sept. 19, 1996.

Marvin Banks, Kenneth Wayne Wigginton, Wigginton & Associates, David F. Gossom, Law Offices of David Gossom, James A. Rasmussen, Rasmussen Law Office, Wichita Falls, for appellants.

Robert G. Hogue, Nisha P. Byers, Touchstone, Bernays, Johnston, Beall & Smith, Dallas, Kenneth G. Leggett, Glandon Scarborough, Gravley & Leggett, Abilene, for appellee.

Before ARNOT, C.J., and DICKENSON and McCLOUD, (Retired)*, JJ.

DICKENSON, Justice.

The trial court granted the insurance company's motion for summary judgment that there was no coverage under the policy in question. We affirm.

The question on appeal is whether the insurance policy provided liability coverage on an "additional vehicle" which was acquired by the policyholder (and which was involved in an accident within 30 days of its acquisition) when notice was not given to the insurance company within 30 days after the policyholder became the owner of the automobile. We hold that the trial court was correct in finding that the insurance policy did not insure the additional vehicle because the insured failed to notify the insurance company within 30 days of her acquisition of the vehicle.

*Summary Judgment Proof*

It is undisputed that Sentry Insurance issued a "Texas Personal Auto Policy" to Mary Burton Massey covering a 1989 Ford Escort automobile with liability coverage for $25,000 per person (up to $50,000 per accident). The policy defined "Your covered auto" as meaning:

1. Any vehicle shown in the Declarations;

2. Any of the following types of vehicles on the date you became the owner:

   a. a private passenger auto; or

   b. a pickup, panel truck or van....

*This provision applies only if you:*

   a. acquire the vehicle during the policy period; and

   b. *notify us within 30 days after you become the owner.* (Emphasis added)

There is also language in the policy which eliminates the notice requirement for liability coverage of a vehicle which "replaces one shown in the Declarations." That language does not apply to a vehicle which is "in addition to" the vehicle or vehicles shown in the declarations.

The vehicle involved in the wreck was not the 1989 Ford Escort automobile listed in the policy, nor was it a replacement vehicle. It was an additional vehicle, a 1969 pickup, which was acquired by Mary Burton Massey on November 2, 1990. The wreck involving the pickup occurred on November 12. The first notice to the insurance company of either the acquisition of the pickup or of the wreck was more than 60 days after both events.

The supporting affidavit attached to the motion for summary judgment states:

My name is Richard D. Norman. I am over 21 years of age, and am fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are all true and correct.

I am employed as a sales representative for Sentry Insurance A Mutual Company in Abilene, Texas. I have been a Sentry sales representative for eighteen years. My job responsibilities include accepting applications from individuals for auto liability insurance coverage with Sentry, and handling the account files of persons insured with Sentry through my office.

One of my accounts involves Mary Burton Massey, who has now married and goes by Mary Guerra. Mrs. (Massey) Guerra first applied for insurance with Sentry through my office on October 26, 1989. At that time she sought insurance on her 1989 Ford Escort automobile. Sentry wrote auto insurance coverage on the Escort

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting

by assignment.

[which] has been renewed for the last several years.

On March 4, 1991 ... Mrs. (Massey) Guerra called my office and reported that *she had bought a pick-up truck on November 2, 1990, but had not called to add the truck to her policy. She stated that on November 12, 1990 the truck was in a wreck, but that she had not called regarding the truck at that time because she thought the other person involved in the accident would pay for the damages.*

\* \* \* \* \* \*

The March 4, 1991 telephone call was ... the first time my office became aware of the truck that Mrs. (Massey) Guerra had purchased on November 2, 1990. Even when she called my office on March 4, 1991, Mrs. (Massey) Guerra did not ask to add the truck to her policy; she did not ask us to add the truck to her policy until December 3, 1992. (Emphasis added)

The affidavit which was attached to the response to the motion for summary judgment was signed and sworn to by Mary Massey Guerra. She does not state when she notified her insurance company of her acquisition of the pickup which was involved in the accident. She does state in this affidavit:

On January 19, 1991, I called David Lynch, a claims agent for Sentry Insurance and was informed that *they already knew about the automobile accident which is the basis for the original lawsuit and which occurred November 12, 1990.* (Emphasis added)

Neither this affidavit nor the supporting affidavit executed by her attorney provides any summary judgment proof that she notified her insurance carrier of her acquisition of the pickup within 30 days after she became the owner of the pickup. At most, this affidavit states that a Sentry agent "knew about the automobile accident" on a date which was over two months after the accident.

1. The other Texas case is *American Eagle Insurance Company v. Lemons*, 722 S.W.2d 229 (Tex. App.—Amarillo 1986, no writ), where the court notes that the insurance company "*was notified*

The summary judgment proof shows that the vehicle involved in the wreck was not a "replacement vehicle." It was an "additional vehicle," and the summary judgment proof shows that the required notice was not given.

### Prior Texas Cases

The parties cite only two Texas cases dealing with automatic insurance coverage of vehicles acquired after the policy of insurance was issued. Both cases are from the Amarillo Court of Appeals, and there was no application for writ of error in either case.

The first case[1] concerns a "replacement" automobile rather than an "additional" automobile; that case is *Pride v. State Farm Fire & Casualty Insurance Company*, 434 S.W.2d 146 (Tex.App.—Amarillo 1968, no writ), where the court said:

Under the clear language of the policy clause in question, three requirements must be met before an automobile may be considered a "Newly Acquired Automobile" under the policy: (1) Ownership must be acquired by the insured named in the existing policy, (2) It must replace an automobile owned by the insured or the insurance company must insure all automobiles owned by the insured, (3) The insurance company must be notified within thirty days following such delivery date. It has been held this type of "Newly Acquired Automobile" provision of a liability insurance policy automatically attaches on acquisition of a new vehicle, subject only to be defeated by the failure to give notice within the prescribed thirty days. *The intervention of an accident after acquisition but before reporting within the prescribed thirty-day period does not invalidate the insurance.*

\* \* \* \* \* \*

*The notice requirement is a condition subsequent which must be complied with in order to keep the insurance coverage in effect beyond the thirty-day period.* (Emphasis added)

within the policy period and *within thirty days* after the acquisition [of an airplane] *that such acquisition had occurred.*" (Emphasis added)

If the pickup had been a "replacement vehicle" rather than an "additional vehicle," no notice would have been required under the specific terms of the insurance policy in the case before us. The policy would have provided liability coverage for operation of a replacement vehicle.

### Out-of-State Cases

Appellants argue in their brief that the "case most squarely in point"[2] is *Georgia Mutual Insurance Company v. Criterion Insurance Company*, 131 Ga.App. 339, 206 S.E.2d 88 (1974), which said:

Where the "automatic insurance" clause requires notice of the acquisition of a new automobile to be given the insurer within a specified time after delivery, a failure to give notice prior to an accident occurring after the expiration of the designated period precludes coverage of the new automobile. However, *where the accident takes place within the notice period but before any notice has been given*, it is generally held that the requirement of notice is a condition subsequent rather than a condition precedent and that *such coverage is automatically effected upon delivery of the new automobile and remains in effect until the end of the specified period, irrespective of whether notice has been given.* (Emphasis added)

Appellee cites the following cases which hold that there is no coverage for the newly-acquired vehicle in the absence of notice within the thirty-day period provided in the insurance contract: *Garrote v. Liberty Mutual Insurance Company*, 496 F.2d 1168 (5th Cir.1974)(applying Florida law); *Farm & City Insurance Company v. Anderson*, 509 N.W.2d 487 (Iowa 1993); and *Auto–Owners Insurance Company v. Winter*, 188 Mich. App. 230, 469 N.W.2d 314 (1991).

The Fifth Circuit said in *Garrote*, supra at 1170:

For an after-acquired vehicle to be covered by the insurance policy, the insured must notify the insuror within 30 days of the vehicle's acquisition. This Garrote failed

to do. The District Court did not err in denying coverage.

The Supreme Court of Iowa held in *Farm & City Insurance Company v. Anderson, supra* at 491:

Moreover, coverage retroactive to the date of ownership is automatically extended *upon the insured giving the required notice* even though the insured may have been involved in an accident with the vehicle before such notice is given.... It assures coverage for an accident occurring during the notice period, *provided notice is given.* (Emphasis added)

The Michigan Court of Appeals held in *Auto–Owners Insurance Company v. Winter, supra* 469 N.W.2d at 315:

The issue before us is whether coverage is afforded an insured for an accident to his newly acquired vehicle occurring within the thirty-day period as set forth in an "automatic coverage" clause of a policy.... The policy clearly requires notice to be effective; no such notice was given, and therefore we cannot uphold a finding of coverage.

We are not persuaded that the *Georgia Mutual* case was correctly decided. We find the cases of *Garrote, Anderson,* and *Winter* to be persuasive. Consequently, we will enforce the clear language of the policy which requires notice within 30 days of the acquisition of the additional vehicle in order for it to come within the policy definition of "Your covered auto."

The judgment of the trial court is affirmed.

---

**2.** See also the cases cited in James L. Isham, Annotation, *Construction and Application of "Automatic Insurance" or "Newly Acquired Vehicle* *Clause Contained in Automobile Liability Policy,"* 39 A.L.R.4th 229 (1985).